UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOCTOR AARON BOMER, | Case No. 2:20-CV-182 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE OF NEVADA-DIVISION OF PUBLIC AND BEHAVIORAL HEALTH (SOUTHERN NEVADA ADULT MENTAL HEALTH SERVICES, et al., | |
| Defendant(s). | |

Presently before the court is defendants State of Nevada - Division of Public and Behavioral Health, Joanne Malay, and Jackie Arellano's (collectively, "defendants") motion to dismiss for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief may be granted. (ECF No. 12). Plaintiff Dr. Aaron Bomer filed a response, (ECF No. 30), to which defendant replied, (ECF No. 39).

Also before the court is defendants' special motion to dismiss pursuant to NRS 41.660. (ECF No. 13). Plaintiff responded, (ECF No. 32), and defendant replied, (ECF No. 40).

**I.     Background**

This matter arises from alleged employment discrimination and retaliation. (ECF No. 3). Plaintiff Dr. Aaron Bomer is a long-time employee of defendant State of Nevada-Division of Public and Behavioral Health (Southern Nevada Adult Mental Health Services). (*Id.*).

Plaintiff filed his amended complaint on January 29, 2020, bringing claims against defendant State of Nevada, defendant Southern Nevada Adult Mental Health Services, defendant Division of Public and Behavioral Health, defendant Joanne Malay, defendant Jackie Arellano,

**James C. Mahan**
**U.S. District Judge**

and defendant Jennifer Sexton. (ECF No. 3). Plaintiff has served three individuals: an administrative assistant at the Division of Public and Behavioral Health, (ECF No. 9), defendant Jackie Arellano, (ECF No. 10), and defendant Joanne Malay, (ECF No. 11).

Defendants filed the instant motion to dismiss on March 20, 2020, which noted defects in service. (ECF No. 12). The 90-day period for plaintiff to serve his first amended complaint on the State of Nevada expired on April 28, 2020. *See* Fed. R. Civ. P. 4(m).

## II. Legal Standard

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted). Assuming insufficiency of process or insufficiency of service of process, the Court has discretion to dismiss an action or simply quash service. *See SHJ v. Issaquah School District No. 411*, 470 F.3d 1248, 1293 (9th Cir. 2006).

## III. Discussion

This court grants defendant's motion to dismiss. (ECF No. 12). Federal Rule of Civil Procedure 4(j)(2) dictates how service is effected on a state entity: either by "delivering a copy of the summons and of the complaint to its chief executive officer," or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Plaintiff has not served the governor of Nevada, thus this court looks to the "manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B). Nevada law provides that the summons and complaint must be served upon "the Office of the Attorney General in Carson City" and "[t]he person serving in the office of administrative head of the named agency." NRS 41.031(2). Here,

**James C. Mahan**
**U.S. District Judge**

- 2 -

plaintiff did not serve the Nevada Attorney General nor the Director of Nevada Department of Health and Human Services.

Plaintiff has failed to comply with the requirements of Rule 4 and fails to offer good cause or "justifiable excuse" for this failure. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984) (The "personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed"). Plaintiff's change in counsel is not good cause. (ECF No. 30).

In addition to the above, individual defendant Jennifer Sexton was never served. If plaintiff was prepared to cure any deficiencies, he already should have. (ECF No. 30). This court dismisses this matter without prejudice. (ECF No. 12). Defendant's special motion to dismiss is thus moot. (ECF No. 13).

**Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' special motion to dismiss (ECF No. 13) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's claims be, and the same hereby are, DISMISSED without prejudice.

The clerk is ordered to close the case accordingly.

DATED August 7, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**